Counsel, you may proceed. Thank you. Good morning, your honors, and may it please the court. My name is Mark Goldfrozen. I'm the attorney for Owen Dunn, appellant in this case. And if I could reserve two minutes of my time for rebuttal. Just watch the clock. I will. Thank you very much. Initially, I would like to address the issue related to jurisdiction over this appeal that has been raised by the government. It is my position, our position, that under the law of the circuit, this court has jurisdiction to hear Mr. Dunn Mr. Dunn's appeal. And that is because United States v. Colson, which is at 573 F 3rd 915, is directly on point. In Colson, the court said, concluded, that 18 U.S.C., Section 3582 C2 Sentence Reduction Decisions, are reviewable in their entirety under 28 U.S.C. Section 1291. And the source of jurisdiction relied upon in Colson was 1291, which is significant, because 1291 is the broader statute for appellate jurisdiction, allowing this court to hear appeals from all final decisions of the district court. Now, what does the Dillon decision do to that analysis, if anything? I think it doesn't do anything to that analysis, Your Honor. And let me point out that subsequent to Dillon, which was decided in 2010, this court has continued to and repeatedly relied upon Colson to find jurisdiction. As recently as April of 2013, several months ago, in United States v. Trujillo, this court stated, we have jurisdiction under Section 28 U.S.C. 1291 to review the discretionary denial of the sentence reduction motion, again citing to Colson. And Dillon, what Dillon does is it does not make a clearly irreconcilable conflict with Colson that would allow this court to not follow Colson. Because what Dillon basically said was that the guideline which precludes the district court from imposing a sentence below the new low end of the guideline is binding. And it said that Sixth Amendment rights were not implicated by this decision because it was kind of a limited sentencing, not a full-blown sentencing hearing. But that decision doesn't cause any conflict with Colson saying that you have jurisdiction under 1291. There's nothing about the Dillon decision which would prevent or preclude this court from making a decision, as was done to Colson, that you could consider a decision on a 3582 C.2. motion to be a final order of the court and therefore appealable and giving this Court jurisdiction under 1291. What about the Sixth Circuit decision in Bowers? Is that relevant? Well, the Sixth Circuit decision in Bowers is not relevant. It's interesting, but not relevant, because the Sixth Circuit, unlike Colson, found appellate jurisdiction under 18 U.S.C. section 3742, which is different from Colson. Colson, 3742 is the more limited circumscribed basis for jurisdiction after a sentencing. But Colson doesn't rest on 3742. Colson rests on 1291. So the rationale and reasoning in Bowers, in which it analyzes Dillon and says we no longer have jurisdiction under 3742, doesn't affect Colson's decision that you have jurisdiction under 1291. The Sixth Circuit and Ninth Circuit just disagree as to the source of jurisdiction. Counsel, what is your view of the government's 28-J letter assertion that Arishi and Taddeo in some way abrogate Colson? Well, Arishi preceded Colson. Right. And Taddeo just followed Arishi after Colson. That's 35B motions. This is 35A2C2. Colson didn't explain why it was reaching a different conclusion than Arishi did with respect to 35B motions. But since they involve different types of post-sentencing motions, I don't believe that Colson is undermined by a case that preceded it. And it remains law of the circuit that this panel has to follow until a law review. You're relying on Miller v. Gammey and the inter-panel accord issue, right? Correct. Yes. Yes. Now why don't you proceed, counsel, to the sentencing issue? I think with respect to the merits of the issue, we start with two important premises. One is that the sentencing commission decided or determined that the former crack cocaine guidelines were flawed. They were too severe. They were unfair. And the sentencing commission decided that the reduced crack cocaine guidelines, at least in general, are sufficient to meet or satisfy the requirements or the objectives of the Sentencing Act, that is, for deterrent, punishment, et cetera. So I think the relevant issue becomes, in this case, whether the district court relied in some extent upon the flawed guidelines in reaching its original sentencing decision. And we went back and forth quite a bit on that issue in the district court argument. But, counsel, Judge Ossoff in this particular case can always rely on 3553A, can he? Yes. The Act dealing with crack cocaine said nothing about 3553A, right? In the sense that you can't look at them. Correct. In fact, you should look at them. Indeed. And one of the elements of that is whether there's an appropriate punishment to deter further misconduct and the like. And it seems to me that what you struggle with here is that even though you may not like it, Judge Ossoff went out of his way to explain that he was doing just that. He was very concerned that given this man's criminal history, which is, again, a part of 3553A, he really thought he needed to be in jail for a certain period of time. What is it about his conduct, other than the fact that you disagree with it, shows that he abused his discretion under this Act? Well, I think there are two things. One is that even with Judge Ossoff's great weight that he placed on his criminal past, is that Judge Ossoff's nonetheless, and even considering that he had a supervised release violation, Judge Ossoff found that his sentence within the appropriate, in the applicable guideline range, was appropriate. And so what has changed since that determination? The only thing that has changed is that the guidelines have been determined to be flawed and therefore reduced. You could say that things would have changed if Mr. Dunn, subsequent to his sentencing, had conduct in prison that was indicative of a serious criminal history, but that wasn't the case. Mr. Dunn, in fact, in prison has done quite well. He, at the time of our hearing, he was in several different educational rehabilitation programs. We had presented six certificates to the judge to show his accomplishments in these programs. He had a work assignment at the prison. His security level had been reduced from high security to medium security at the prison. There had been two discipline violations in a period of two years, one for a fight and one related to phone abuse, but those were not indicative of any type of patent violation. The only thing that has changed is that the guidelines have been reduced from a serious criminal history to a very specific type of violence that suggested that the sentence needed to remain the same. Roberts, you're down to about a minute and a half, and I know you wanted to reserve some time. Thank you. Which you may do. We'll hear from the government. Good morning. May it please the Court, my name is Mary Jean Chan, and I represent the United States in this appeal. Ms. Tran? This Court should dismiss this appeal for lack of jurisdiction over the very specific claim being made by the defendant that this Court should reverse the district court's assessment of the 3553A factors and reverse it based upon a finding that it was substantively unreasonable. This Court does not have jurisdiction over that particular type of claim. Alternatively, if this Court finds that it does have jurisdiction, the government asks it to affirm the district court's proper exercise of its discretion. Let's take the jurisdictional issue first. I'm puzzled how the government gets around the Miller v. Gammey problem. However you analyze Sheehy and Taddeo and the like, they do not represent subsequent intervening superior authority from an en banc court of the Supreme Court or some new statute that contravenes. Colson, does it? Absolutely, that's correct. But Dillon does. But Dillon only dealt with the first prong, not the second prong, right? Well, Dillon undermines Colson. It may undermine, but it doesn't overturn it because it has two prongs to it, and it only dealt with the first prong. Well, the government's position is that Dillon completely undermines the reasoning in Colson. In Colson, it's a pretty short order, and if you look at the order, it simply says that after Booker and Cardi, the court finds that there is, it's required to review the sentence for reasonableness, which is what Booker said in its remedial portion. This was something completely new, and so based solely on Booker, the court found that it had jurisdiction under 1291. Prior to that, prior to Booker, and also in the Rule 35 context subsequent to Booker, this Court has always said that its sole exclusive avenue of jurisdiction for appeals of post-conviction sentence modification proceedings lies in 3742A. So this is the only opinion that is contrary to that. It's actually in conflict with other circuit opinion, and the sole basis for that is Booker. The Supreme Court said in Dillon, Booker just doesn't apply. It states it absolutely clearly. You look at 130 Supreme Court at site, pin site 2692, it simply says given the limited scope and purpose of 3582C2, we conclude that proceedings under that section do not implicate the interests identified in Booker. If it doesn't implicate the interests in Booker, then the remedial portion of Booker is not in play, and there is no basis for Coulson's requirement or finding that, contrary to all its other precedent, contrary to any, to Arishi as well as Lowe, that 1291 provides a basis for reasonableness review. Well, Counsel, Dillon did not discuss the 1291 issue. We do have, through Coulson, the source of jurisdiction from appeals from denials of grants of motions to reduce sentences in 1291. I'm sorry. I'm sorry. Your Honor, can you repeat your question? Well, the Coulson decision, our decision, places the source of the jurisdiction in 1291. Correct. Are you saying that Dillon trumps our analysis of 1291? Can't you have a sort of double track? We can look at it from a 1291 point of view, but from the standpoint of the Dillon analysis, that it's under 3742? No, because this Court has said that there is only one exclusive avenue for jurisdiction. It looked at, in Arishi, for example, and I realize that there is a distinction between Rule 35 and 3582C2, but really the distinction is negligible and isn't really a basis for distinguishment. And you can see that, for example, in the Sixth Circuit's Bowers analysis, because both of them are rooted in 3582. One is certainly, the Rule 35 is based in 3582C1B, and then the case here is 3582C2, but both of them really are post-modification, post-conviction modification proceedings. Let me ask you this about Dillon. I know your position is that Dillon just sweeps the table here, but as I look at it, Dillon really confined itself to the first step in a 3582A2 analysis, dealing with the eligibility that mandated imposing a sentence minimum under the sentencing guidelines 1D1.10, but it didn't really deal with the 3553A factor, the discretionary prong, and that's really what we're dealing with here, is it not? That's correct, but this Court never, prior to Booker, it was very clear that this Court did not have jurisdiction, and not, I want to clarify that I'm not saying that this Court didn't have jurisdiction or does not have jurisdiction over anything to do with 3582C2. It certainly does over legal errors if the district court misapprehends its discretion or misapprehends its jurisdiction or misapplies the guidelines. That's all encompassed by 3742A2. It's a very limited claim that the government is making here, which is that the court lacks jurisdiction to substitute its judgment, essentially, and make a reasonableness review over the district court's analysis where the district court's analysis is not a reasonable review. The reality is it's got to be right on all fours, and it's got to be a subsequent and superior holding, basically. Here at least, as I'm looking at it, the Supreme Court in Dillon did not deal with 3553A discretionary factors, and therefore, it may not be on all fours. It certainly dealt with the first part, I get that, but if my understanding of Dillon is correct, that it doesn't deal with the exact situation we have here, then Colson stands, does it not, under GAMI for the jurisdictional issue? No. I mean, I think my reading of Dillon is that it's right. I know. I understand, but I'm saying if my analysis is correct, you know, arguendo, then we have jurisdiction. Now, you, of course, have a better situation than the other part of the argument, but just for purposes of jurisdiction, would you not agree that if Dillon isn't right on point, then Colson under GAMI would still be our law, for jurisdictional purposes? If Dillon is not on point and doesn't say that Booker doesn't apply, that would be the outcome. Of course, the government believes, and I think a fair reading of Dillon is that it says that Booker simply doesn't apply. Booker, their Sixth Amendment concerns don't apply in the post-conviction setting, because it's a situation where you're not looking at 3582 is an act of congressional lenity that permits a district court to exercise its discretion, and if it wants to change the status quo, then it must reference the 3553a factors in order to do so. It doesn't actually say anything about what the district court must do in order to preserve the status quo. It doesn't provide the defendant with a new sentencing where the court has to go through all the factors in order to say the sentence that was final has to be rejustified again. And that's the limited adjustment concept, right, that Congress talked about, or that the court talked about? That's correct. So once the court has, as in this case, found that it does have jurisdiction, and then it goes through and says, oh, I don't want to exercise my discretion, that is a completely discretionary decision. 3582c2 doesn't require it to do more than simply say, I like my previous sentence. And that is also why it makes sense that this Court wouldn't have jurisdiction to review that type of very limited, purely discretionary decision. It is not anything that could be legally erroneous. 3582 says that if there is a reduction, if you change the sentence and it becomes a new sentence, then you have to justify that with reference to 3553a. And in your remaining time, just assume arguendo for a moment that we have jurisdiction. Do you have anything besides what you said in your brief that you want to emphasize to the Court about the second part, which is what Judge Alsop actually did here? Well, the Court, I would say, and this may be redundant of what I've said in the brief, is that there was nothing illogical, implausible, or untethered to inferences in the record about what the district court did here. In fact, what the Court did was went beyond what it was necessary to do in the 3582c2 context and essentially did everything that it would be required to do at an original sentencing. It looked at all the briefing, it held a hearing, it considered all the arguments and wrote a six-page written order justifying its decision with reference to the 3553a factors, specifically citing the defendant's four convictions, his extremely violent criminal history that included sexual assault on minors, his possession of felon – his felonious possession of firearms, his involvement in drug trafficking, his involvement in gang activities, all those things, and stated that based on that as well as the fact that the original sentence was not a guideline sentence, but it was a 3553a sentence based upon the Court's assessment that the total time for this defendant, in light of his – not just the conviction here, but the supervised release violation was 100 months, and that was appropriate, there could not possibly be an abuse of discretion in this case, either procedurally or substantively. Thank you, counsel. Thank you, Your Honor. Your time has expired. Mr. Goldrosen, you have some reserve time. Thank you. The government says that this was not a guideline sentence that was imposed by a judge or the district court judge, and I disagree with that, and I don't think the record supports that. The judge said in his written order it was not solely based on the guidelines, which indicates that the guideline calculations were certainly a part of the court. But, counsel, doesn't Supreme Court, as well as Cardi, indicate that even at any point you have to at least have a frame of reference in 3553a? It doesn't mean it's within a box set by the sentencing commission, but he has to start somewhere, and you're not disagreeing that he has to make reference to 3553a, perhaps not explicitly, but has to consider those in this resentencing? No. He does have to consider 3553a factors. I don't disagree with that. So there's nothing wrong with that, right? There's nothing wrong with that, but I think the court made incorrect or wrong factual findings in its determination, in its consideration. But that's different than what I understood you to say before, that you were saying, hey, he did it within the boundaries of the sentencing guidelines, and now I hear you saying basically, what he did, I didn't like it, and it's wrong. What I'm saying is that he found the sentence of 100 months appropriate was within the guidelines, and essentially nothing has changed from that determination other than the guidelines are now flawed that he, at least in part, relied upon. And therefore, he was wrong not to lower Mr. Dunn's sentence because it's appropriate, given that these guidelines are flawed and too high, as determined by the sentencing commission. Thank you, counsel. Your time has expired. The case just argued will be submitted for decision.
judges: Anello, O'scannlain, Smith